UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TRACY JIMENEZ,**

        **Plaintiff,**

**v.**                                                  **Case No: 6:20-cv-1378-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for disability benefits. In a decision dated May 20, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from January 14, 2016, through the date of the decision. R. 33.

Having considered the parties' joint memorandum, the Claimant's response to the memorandum, and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.**    **Issue on Appeal**

Claimant makes one argument on appeal: the ALJ did not properly weigh the medical source opinions. Doc. 19.

**II.**    **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not

>decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.  Discussion

Claimant argues that the ALJ erred by (1) assigning limited weight to Dr. Cooper's opinion and (2) assigning limited weight to Dr. Barber's opinion. The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 416.927(c).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). However, a non-treating

physician's opinion is not entitled to special deference.  *See* 20 C.F.R. § 416.924(c)(1); *see also Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013).

### A. Whether the ALJ properly weighed the opinion of Dr. Cooper

Claimant complains that the ALJ erroneously assigned limited weight to the opinion of a consultative examining physician, Dr. Cooper.  Doc. 19 at 28.

Here, Claimant cites to Dr. Cooper's record stating that the physician opined that Claimant had been confined to a wheelchair, had to use crutches, and "would not be capable of doing any meaningful physical activities in a normal workplace until her left knee situation was resolved." Doc. 19 at 28.  Claimant complains that the reasons the ALJ gave for rejecting the opinion are inadequate.  The ALJ stated the following with respect to Dr. Cooper's opinion:

> As for the opinion evidence, on June 14, 2016, Dr. Homi Cooper related that the claimant was confined to using a wheelchair and using crutches to ambulate (Exhibit 13F page 6).  She would not be capable of doing any meaningful physical activities in a normal workplace until her left knee situation was resolved.  She had no manipulative limitations involving the hands or the upper extremities.  The undersigned gives limited weight to this opinion regarding claimant's ability to walk and stand.  In fact, Dr. Cooper examined the claimant shortly after her May 2016 knee surgery and his limitations related to her early post-surgical condition.  They do not reflect her current condition and are not consistent with subsequent records or the claimant's own testimony.  The undersigned accepts Dr. Cooper's finding regarding the use of her hands and arms.

R. 29.

The Court finds that the ALJ's decision to assign limited weight to Dr. Cooper's opinion is supported by substantial evidence.  The ALJ discussed the aspects of the opinion that Claimant highlights in the joint memorandum and then discounted the portion of the opinion attributable to her early post-surgical condition.  Claimant even admits that the ALJ's rationale would be acceptable if Claimant "had a normal recovery from her May 2016 surgery."  Doc. 19 at 28. However, Claimant asserts that the record shows she did not recover normally.  *Id.* at n.3.

Claimant's argument essentially asks the Court to reweigh the evidence concerning Claimant's recovery after she saw Dr. Cooper, which later recovery Claimant describes as not normal. But this is not the function of the Court. Nor, even if it were, would those later records concerning Claimant's recovery (assuming they are as Claimant describes) cast into doubt the ALJ's determination as to the weight of Dr. Cooper's opinion made immediately post-surgery in relation to the ALJ's disability determination. The Court finds that the ALJ could reasonably view that portion of Dr. Cooper's opinion as related to the Claimant's immediate post-surgical condition. Therefore, the ALJ had substantial evidence upon which to assign limited weight to the opinion.[1]

Moreover, Claimant asserts that the ALJ used Dr. Meade's opinion to limit the weight of Dr. Cooper's opinion. The ALJ assigned "considerable weight" to Dr. Meade's opinion to the extent it was consistent with the RFC. R. 30. Claimant's issue appears to be with the ALJ weighing a non-examining opinion more than two examining opinions. However, the ALJ discussed Dr. Meade's opinion and found that he "provided specific reasons for his opinion about the claimant's physical residual capacity showing that his opinion was grounded in the evidence in the case record." R. 30. The ALJ further found that Dr. Meade's opinion was supported by the medical findings and consistent with the other medical evidence of record. R. 30. Thus, the ALJ's assignment of considerable weight to Dr. Meade's opinion is supported by substantial evidence. The Court finds no error in the ALJ's consideration of Dr. Cooper and Dr. Meade's opinions.

**B. Whether the ALJ properly weighed the opinion of Dr. Barber**

Claimant complains that the ALJ erroneously assigned limited weight to the opinion of another consultative examining physician, Dr. Barber. Doc. 19 at 29–30.

---

[1] The Court notes that the ALJ only assigned limited weight to a portion of Dr. Cooper's opinion—regarding Claimant's ability to walk and stand. The ALJ otherwise accepted Dr. Cooper's findings regarding Claimant's use of her hands and arms.

Here, Claimant asserts that the ALJ erred by assigning limited weight to Dr. Barber's opinion due to it being "inherently inconsistent."[2] The Claimant asserts that Dr. Barber's opinion is not inconsistent with Dr. Barber's findings. The ALJ stated the following with respect to Dr. Barber's opinion:

> On February 26, 2018, Dr. Alvan Barber completed a medical source statement about the claimant (Exhibit 16F page 14). The claimant could lift and/or carry occasionally up to 50 pounds and frequently up to 10 pounds. She could sit for 4 hours in an 8-hour workday and for 2 hours at one time. She could stand and/or walk for 1 hour in an 8-hour workday and for 30 minutes at one time. She could frequently push, pull, reach overhead, and reach in all other direction. She could never crawl, crouch, kneel, balance, and climb ladders or scaffolds. She could occasionally stoop and climb ramps and stairs. She could never be exposed to extreme hear, extreme cold, dust, odors, fumes, pulmonary irritants, and unprotected heights. She could occasionally be exposed to vibrations, humidity and wetness. She could frequently be exposed to operating a motor vehicle and moving mechanical parts. She could not walk a block at a reasonable pace on rough or uneven surfaces.
>
> The undersigned gives limited weight to this assessment. The undersigned finds his opinion inherently inconsistent. In fact, Dr. Barber reported that the claimant could stand and sit without difficulty, yet he subsequently limited the claimant to 2 hours sitting (Exhibit 16F page 15). He provided no basis for this discrepancy and there is no objective basis in his examination findings to support the more severe limitations. The claimant had +1 edema in the right and left ankles. Her sensory perception for pain, light touch, temperature, and vibration was intact and normal in the lower extremities. Her muscle strength was 5/5 in the right and 5/5 in left lower extremities. Likewise, Dr. Barber's limits on reaching and postural limits are not support by his examination findings. Dr. Barber reported that the claimant's muscle strength was 5/5 in the right and 5/5 in the left upper extremities. Her grip strength was 5/5 in the right hand and 5/5 in the left hand. She had no joint deformities in the upper extremities.

R. 30.

---

[2] Claimant also asserts that the ALJ used Dr. Meade's opinion to assign limited weight to Dr. Barber's opinion. Docs. 19 at 30–31; 22 at 5. The Commissioner also appears to assert this. Doc. 19 at 37. However, the ALJ's opinion clearly states that the basis for assigning limited weight to Dr. Barber's opinion is the inconsistency between Dr. Barber's findings and his ultimate opinion. R. 30.

The Court finds that the ALJ's decision to assign limited weight to Dr. Barber's opinion is supported by substantial evidence. The ALJ discussed Dr. Barber's findings and ultimate opinion, then identified specific findings that were inconsistent with that opinion. Claimant contends that the ALJ ignored Dr. Barber's findings that were consistent with his ultimate opinion.[3] Again, Claimant's argument essentially asks the Court to reweigh the evidence. The ALJ identified the weight assigned to Dr. Barber's opinion and generally discussed the findings and opinion; thus, the ALJ was not required to specifically mention every aspect of Dr. Barber's findings and opinion. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *see also Baez v. Comm'r of Soc. Sec.*, 657 F. App'x 864, 870 (11th Cir. 2016). Based on the reasons articulated—and the record evidence cited—by the ALJ, the Court finds that the ALJ could reasonably view Dr. Barber's findings and opinion as inconsistent with each other and that the ALJ had substantial evidence upon which to assign limited weight to the opinion. The Court finds no error in the ALJ's consideration of Dr. Barber's opinion.

Moreover, Claimant appears to make a perfunctory argument that the ALJ erred based on a failure to include Dr. Barber's limitation on noise level in the RFC or to ask the vocational expert about it; this argument is waived. *See* Doc. 19 at 29 n.4; *see, e.g., Jacobus v. Comm'r of Soc. Sec.*, 2016 WL 6080607, at 3 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned). Similarly, Claimant appears to make a perfunctory argument that she met

---

[3] The Court notes that at least one of the "consistent" findings Claimant claims the ALJ ignored is specifically identified by the ALJ; the +1 edema in Claimant's ankles. *See* Doc. 22 at 3; *see also* R. 30.

the "duration requirement"; this argument is also waived.[4] *See* Doc. 19 at 31; *see, e.g., Jacobus*, 2016 WL 6080607, at 3 n.2 (11th Cir. 2016).

### IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on October 1, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that Claimant did not reassert these perfunctory arguments in her individual response to the Joint Memorandum. *See* Doc. 22.